UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kenneth Scott,

                    Plaintiff,        Case No. 26-cv-10723

v.                             Judith E. Levy
                               United States District Judge

Giddens, *et al.*,

                               Mag. Judge Kimberly G. Altman

                    Defendants.

_____/

ORDER TRANSFERRING THE CASE TO
THE UNITED STATES DISTRICT COURT
<u>FOR THE WESTERN DISTRICT OF MICHIGAN</u>

Plaintiff Kenneth Scott filed a complaint under 42 U.S.C. § 1983. (ECF No. 1, PageID.1.) Plaintiff is self-represented or *pro se*. He is currently incarcerated at the Charles E. Egeler Reception and Guidance Center in Jackson, Michigan. (*Id.* at PageID.1, 7.) Plaintiff alleges that his constitutional rights were violated when he was confined at the Cass County Jail in Cassapolis, Michigan. Defendants are individuals who apparently work at the jail: Deputy Giddens, "Sheriff/undersheriff" Schuur, Sergeant Jackson, and Deputy Smith. (*Id.* at PageID.1–2.) Defendants are sued in their personal and official capacities. (*Id.*)

Having reviewed the complaint, the Court concludes that venue is not proper in this district and that the Western District of Michigan is a proper venue. The Court transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).[1]

"Venue is [generally] governed by 28 U.S.C. § 1391." *Fam. Wireless #1, LLC v. Auto. Techs., Inc.*, No. 15-11215, 2015 WL 5142350, at *4 n.3 (E.D. Mich. Sept. 1, 2015). Section 1391(b)(1) provides for "residential venue," and § 1391(b)(2) provides for "transactional venue."[2] 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.*

---

[1] Section 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[2] Section 1391(b)(3) allows a third option for venue that is referred to as "fallback venue." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2026). Under § 1391(b)(3), if there is no district that meets the requirements of residential or transactional venue, a case may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2026). "Section 1391(b)(3) applies *only* if there is no federal district that will satisfy either the residential venue or transaction venue provisions." 14D Charles Alan Wright, et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2026) (emphasis in original); *see* 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3804 (4th ed. 2026) ("Plaintiff can use Section 1391(b)(3) only when it is impossible to use either of the first two options."). Here,

2

§ 3804 (4th ed. 2025). "[T]he plaintiff may choose to lay venue in any district that satisfies either provision." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806 (4th ed. 2026).

Under § 1391(b)(1)—the residential venue provision—a plaintiff may bring a case in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). An individual is "deemed to reside in the judicial district in which that person is domiciled." *Id.* § 1391(c)(1). "Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (quoting 1 Moore's Federal Practice 1487–88).

Under § 1391(b)(2)—the transactional venue provision—a plaintiff may bring a case in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

---

the Western District of Michigan satisfies the residential and transactional venue provisions, as set forth below. Thus, "the fallback venue provision is absolutely irrelevant." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3806.1 (4th ed. 2026).

If venue is improper in the district where a case is filed, but would be proper in a different district, "a district court has the power to sua sponte transfer [the] case" under § 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012); *see Flynn v. Greg Anthony Constr. Co.*, 95 F. App'x 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes"—including § 1406(a)— "that give federal courts the power to transfer cases *sua sponte*."). Section 1406(a) provides that "cases should be transferred only when it is in the interests of justice." *Flynn*, 95 F. App'x at 738; *see* 28 U.S.C. § 1406(a). The transfer is "to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a). "Transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds." *Flynn*, 95 F. App'x at 741 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

Here, venue is not proper in the Eastern District of Michigan. The complaint names four Defendants, all of whom Plaintiff sues in their personal and official capacities. (ECF No. 1, PageID.1–2.) To the extent Defendants are sued in a personal capacity, there is no allegation in the

complaint that Defendants are domiciled in the Eastern District of Michigan. *See* 28 U.S.C. § 1391(b)(1), (c)(1). To the extent Defendants are sued in an official capacity, Plaintiff appears to allege that Defendants perform their official duties at the Cass County Jail. *See O'Neill*, 472 F.2d at 791; *see also Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."); *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 676 (6th Cir. 2018) ("[W]e liberally construe pro se filings . . . and hold such complaints 'to less stringent standards.'" (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011))). In the complaint, Plaintiff provides the following address for each Defendant: 321 N. M-62, Cassopolis, Michigan 49031. (ECF No. 1, PageID.1–2.) That address is the address for the Cass County Jail. The jail is located in Cass County, which is in the Western District of Michigan—not the Eastern District of Michigan. *See* 28 U.S.C. § 102(b)(1). In addition, Plaintiff does not allege in the complaint that "a substantial part of the events or omissions giving rise to the claim[s] occurred" in the Eastern District of Michigan. *See id.* § 1391(b)(2).

Therefore, the residential and transactional venue provisions are not satisfied with respect to the Eastern District of Michigan.

However, venue is proper under the residential and transactional venue provisions in a different district: the Western District of Michigan. As noted above, the complaint specifies that each Defendant's address is the address for the Cass County Jail, which is in the Western District of Michigan. *See id.* § 102(b)(1). There is no indication that Defendants no longer work at that jail. Defendants are thus deemed to reside in the Western District of Michigan for venue purposes to the extent they are sued in an official capacity. *See id.* § 1391(b)(1); *O'Neill*, 472 F.2d at 791. Moreover, Plaintiff's claims arise from events that occurred at the Cass County Jail. *See* 28 U.S.C. § 1391(b)(2). Venue is therefore proper in the Western District of Michigan.

In sum, the Eastern District of Michigan is not a proper venue for this case. But venue is proper in the Western District of Michigan because Defendants perform their official duties in that district and because the events giving rise to Plaintiff's claims took place in that district. *See id.* § 1391(b)(1)–(2). The Court finds that it is in the interest

6

of justice to transfer the case to the Western District of Michigan. *See id.* § 1406(a).

Accordingly, the Clerk of Court is ordered to transfer this case to the United States District Court for the Western District of Michigan. The Court has not reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).

IT IS SO ORDERED.

Dated: April 14, 2026            s/Judith E. Levy
    Ann Arbor, Michigan     JUDITH E. LEVY
                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2026.

                  s/William Barkholz
                  WILLIAM BARKHOLZ
                  Case Manager