UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

______

KENNETH SCOTT,

Plaintiff,

v.

UNKNOWN GIDDENS et al.,

Defendants.

______________________________/

Case No. 1:26-cv-1218

Hon. Hala Y. Jarbou

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis* on September 22, 2026. (ECF No. 13.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The

events about which he complains, however, occurred at the Cass County Jail (CCJ) in Cass County, Michigan.[1] Plaintiff sues the following CCJ staff: Deputy Unknown Giddens,[2] Sheriff/Undersheriff Unknown Schuur, Sergeant Unknown Jackson, and Deputy Unknown Smith.

In Plaintiff's complaint,[3] he alleges that on November 17, 2025, Defendant Giddens entered Plaintiff's cell while Plaintiff was asleep. (Compl., ECF No. 1, PageID.4.) Plaintiff "woke up to [Defendant Giddens] touching [his] legs while standing over [Plaintiff]."[4] (*Id.*) Plaintiff asked Defendant Giddens, "what he was doing . . . rubbing [or] caressing [Plaintiff's] leg." (*Id*, PageID.5.) Defendant Giddens "said something about being with a Black man, then said something about hanging things." (*Id.*) Plaintiff told Defendant Giddens he was "going to scream for help [or] rape," and Defendant Giddens responded that Plaintiff would not be believed because Defendant Giddens had worked at CCJ, "for thirty-something years." (*Id.*) Defendant Giddens then left Plaintiff's cell and went to a neighboring cell. (*Id.*) Later, "on the next round, Plaintiff asked [a non-party officer] if Plaintiff could talk with a Sergeant or shift command . . . [and] was told to file a grievance." (*Id.*, PageID.4.) Plaintiff filed a grievance and was informed by Defendant

---

[1] Plaintiff was an MDOC parolee in CCJ at the time of the events alleged in his complaint. *See* https://mdocweb.state.mi.us/OTIS2/Search (enter "945240" for the "Offender Number" and select "Search") (last visited September 29, 2026).

[2] Plaintiff names Defendants Giddens in his list of Defendants (Compl., ECF No. 1, PageID.1), but then names Defendant "Giddings" in his factual allegations, rather than Defendant *Giddens*, which appears to be a typographical error. (*See id.*, PageID.4.) In this opinion, the Court considers Defendant Giddens and "Giddings" to be the same Defendant and will refer to this Defendant as Defendant Giddens. To the extent that Plaintiff intended to name a separate Defendant "Giddings," because Defendant Giddings is not in the list of Defendants, no proper claims may be raised against this non-party. Fed. R. Civ. P. 10(a).

[3] Plaintiff's grievance regarding the complained-of events is enclosed within the pages of his complaint. (*See* Compl., ECF No. 1, PageID.5.) In deference to Plaintiff's *pro se* status, the Court considers the allegations contained therein to supplement his complaint.

[4] In this opinion, the Court corrects the abbreviations, punctuation, and spelling in quotations from Plaintiff's filings.

Jackson that Plaintiff did "not meet the requirements to file a grievance." (*Id.*, PageID.4, 5.) Defendant Jackson also indicated on Plaintiff's grievance that, "due to the serious nature of the complaint . . . [the grievance] is currently being investigated." (*Id.* PageID.5.) On an unspecified date, Defendants Schuur, Jackson, and Smith "all put [Plaintiff] in segregate[ed] confinement and press[ed] charges on Plaintiff." (*Id.*, PageID.4.) Plaintiff alleges that, "they reviewed the BWC [body-worn camera] and said [his] allegation of the sexual assault was false and that's why they pressed charges." (*Id.*, PageID.5.) Plaintiff asserts that he did not give Defendant Giddens permission to touch him and that he did not feel safe in CCJ custody. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated Plaintiff's Eighth Amendment rights and his Fourteenth Amendment procedural due process, substantive due process, and equal protection rights. Plaintiff further avers violations of his rights based on the suppression of evidence, malicious prosecution, and civil conspiracy under 42 U.S.C. § 1985.[5] (*Id.*, PageID.4.) Plaintiff seeks monetary damages only.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that

[5] Plaintiff specifies the claims he intends to bring in this action. For this reason, the Court does not construe additional causes of action beyond those enumerated by Plaintiff.

is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Sexual Harassment Claim Against Defendant Giddens

Plaintiff alleges that Defendant Giddens entered Plaintiff's cell while Plaintiff was asleep and rubbed or caressed Plaintiff's leg while making sexualized comments. (Compl., ECF No. 1, PageID.4, 5.) When Plaintiff told Defendant Giddens he was "going to scream for help [or] rape," Defendant Giddens told Plaintiff that he would not be believed. (*Id.*, PageID.5.) Defendant Giddens left Plaintiff's cell at that time. (*See id.*)

"Federal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards).

The Sixth Circuit has joined multiple other courts to conclude that incidents of sexual touching coupled with sexual remarks do not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *See Rafferty*, 915 F.3d at 1095 (citing *Jackson v. Madery,* 158 F. App'x 656, 662 (6th Cir. 2005)); *e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's penis, coupled with sexual remarks, did not rise to the level of a constitutional violation); *Jackson,* 158 F. App'x at 662 (finding that correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and failed to meet Eighth Amendment standards), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (finding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding that where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006), *partially abrogated by Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

However, repeated and extreme incidents may sufficiently state a claim. For example, the Sixth Circuit concluded that a prison officer's demand that a female prisoner expose her breasts or masturbate in the officer's presence on six occasions was not "isolated, brief and not severe," and was sufficiently serious to state an Eighth Amendment claim that survives the defense of qualified immunity. *Rafferty*, 915 F.3d at 1095; *see also Seltzer-Bey v. Delo*, 66 F.3d 961, 962–63 (8th Cir. 1995) (finding that allegations of a prison guard conducting daily strip searches, making sexual comments, and rubbing a prisoner's buttocks with nightstick were sufficient to withstand a motion for summary judgment).

As an initial matter, to the extent that Plaintiff intended to bring a separate claim premised solely on Defendant Giddens's verbal statements, although unprofessional, allegations of verbal harassment or taunts by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam). Additionally, allegations of verbal harassment do not rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See id.*; *see Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Further, as explained below, Plaintiff fails to state a sexual harassment claim against Defendant Giddens regarding Giddens's conduct on November 17, 2025. Specifically, Plaintiff alleges that the one incident with Defendant Giddens was isolated and brief, and, as a claim for sexual harassment, Defendant Gidden's actions, as alleged in Plaintiff's complaint, lacked the severity required to show a constitutional violation. *See Rafferty*, 915 F.3d at 1095 (6th Cir. 2019); *see also Seltzer-Bey*, 66 F.3d at 962–63; *see also Tuttle v. Carroll Cnty. Det. Ctr.*, 500 Fed. App'x 480 (6th Cir. 2012).

Here, based on Plaintiff's factual allegations, Defendant Gidden's actions were less severe than the defendant-officer's actions in *Soloman*, where no constitutional violation was found, where the officer made sexual remarks and squeezed the prisoner-plaintiff's penis during two pat-down searches. *Solomon*, 478 F. App'x at 320–21. There, the Sixth Circuit found no constitutional violation existed because the defendant's conduct was brief and limited and even though it was coupled with offensive sexual remarks, the conduct constituted the type of "[m]inor, isolated incidents" that do not rise to the level of an Eighth Amendment violation. *Id.* In this action, Defendant Giddens on one occasion rubbed Plaintiff's legs, not genitals, and according to Plaintiff's allegations, Defendant Giddens ceased his actions after Plaintiff objected. Further, Plaintiff's allegations indicate that there was no further physical or sexual harassment from Defendant Giddens after the alleged incident, making it an isolated incident. *See id.* Therefore, Defendant Giddens' touching of Plaintiff's legs, although unprofessional if true, was brief in duration and isolated in time, and fails to state a constitutional violation. *See id.*

For all of these reasons, Plaintiff's Eighth Amendment sexual harassment claim against Defendant Giddens will be dismissed for failure to state a claim.

### B. Fourteenth Amendment Claims Against All Defendants

Plaintiff's complaint raises claims for violations of his Fourteenth Amendment procedural due process, substantive due process, and equal protection rights. (Compl., ECF No. 1, PageID.4.) Although Plaintiff does not indicate which actions comprise his intended claims, the Court construes Plaintiff's claims as detailed below.

#### 1. Procedural Due Process Claims

Relevant to Plaintiff's procedural due process claims, "[t]he Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment

procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

**a. Grievance Denial by Defendant Jackson**

Following the unwanted touch by Defendant Giddens on November 17, 2025, Plaintiff was told by a non-party officer to file a grievance.[6] (Compl., ECF No. 1, PageID.4.) Plaintiff filed a grievance and was informed by Defendant Jackson that Plaintiff did "not meet the requirements to file a grievance." (*Id*., PageID.4, 5.) The Court construes Plaintiff's allegations to raise a procedural due process claim against Defendant Jackson's for his denial of Plaintiff's grievance.

Various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And, Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

---

[6] To the extent that Plaintiff intended any claims against this named non-party officer, he is not named in Plaintiff's list of Defendants, therefore, no proper claims may be raised against this non-party. Fed. R. Civ. P. 10(a).

Thus, Plaintiff has no liberty interest in the grievance process. Any response, or lack thereof, to Plaintiff's grievances by Defendant Jackson did not deprive Plaintiff of due process.

**b. Placement in Segregated Confinement by Defendants Schuur, Jackson, and Smith**

Plaintiff alleges that on an unspecified date, Defendants Schuur, Jackson, and Smith "all put [Plaintiff] in segregate[ed] confinement . . . ." (Compl., ECF No. 1, PageID.4.) There are no further allegations regarding Plaintiff's placement into segregation.

As previously noted, to establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that an issue of life, liberty, or property is at stake. *Wilkinson*, 545 U.S. at 221. The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976). Further, the United States Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum*, 427 U.S. at 225.

In *Sandin v. Conner*, the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 484 (1995). According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). In *Sandin*, the Court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and

significant hardship within the context of his prison life. *Sandin*, 515 U.S. at 484; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim*, 461 U.S. at 250.

Plaintiff's allegations do not support an inference that the duration of his MDOC sentence has been affected by his placement into segregated confinement at CCJ, nor does he allege the amount of time he was confined in segregation. Typically, segregation stays must extend for a significant amount of time, such as more than a year, before they are considered "atypical and significant" such that a prisoner is entitled to due process protection. *See, e.g., Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years without an explanation from prison officials, implicates a liberty interest).

Plaintiff's allegation that he was placed into segregation, without more to suggest anything "atypical," is far short of the extended placements that are deemed atypical and significant. *Sealey v. Giltner*, 197 F.3d 578, 589–90 (2d Cir. 1999) (holding that 101 days in SHU confinement, though unpleasant and severe, was not atypical and significant); *Jenkins v. Murray*, 352 F. App'x 608, 610 (3d Cir. 2009) (holding that prisoner's three-month confinement in administrative segregation did not constitute an atypical or significant hardship); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (holding that a six-month stay in administrative segregation was not atypical and significant); *Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (holding that 12 months in administrative lockdown was not atypical and significant); *Finley v. Huss*, 102 F.4th

789, 813 (6th Cir. 2024) (noting that the prisoner's three months in administrative segregation, without more, was not atypical and significant and did not implicate a liberty interest); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.), *cert. denied*, 522 U.S. 848 (1997) (finding that a six–month term in administrative segregation was not "atypical and significant," without any discussion of the conditions in segregation); *Crowder v. True*, 74 F.3d 812, 815 (7th Cir. 1996) (holding that placement of inmate in non-disciplinary segregation for three months did not create a liberty interest); *Ballinger v. Cedar Cnty. Mo.*, 810 F.3d 557, 563 (8th Cir. 2016) (holding that whether the duration in administrative segregation was three months, as the district court found, or one year, as the prisoner argued, it was not an atypical and significant hardship); *Shields v. Cline*, 829 F. App'x 321, 324 (10th Cir. 2020) (concluding that five months in administrative segregation was not atypical and significant). Under the authorities cited above, Plaintiff's allegations, which provide no facts regarding the conditions of segregated confinement or the duration of his stay in segregated confinement, do not show that his placement into segregation constituted an atypical or significant hardship.

Accordingly, Plaintiff has failed to state a procedural due process claim upon which relief can be granted.

### 2. Substantive Due Process Claim Against Defendants Schurr, Jackson, and Smith

Plaintiff alleges that his substantive due process rights were violated. (Compl., ECF No. 1, PageID.4.) As detailed above, Plaintiff claims that Defendants Schurr, Jackson, and Smith "all put [Plaintiff] in segregate[ed] confinement and press[ed] charges on Plaintiff." (*Id.*, PageID.4.) The Court construes this allegation to encompass Plaintiff's Fourteenth Amendment substantive due process claim.

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Moreover, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273–75 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

To state a substantive due process claim, "a 'plaintiff must show as a predicate the deprivation of a liberty or property interest,' as well as 'conscience-shocking conduct.'" *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 766 (6th Cir. 2020) (quoting *Guertin v. State*, 912 F.3d 907, 922 (6th Cir. 2019)). That is, a plaintiff must first show "a deprivation of a constitutionally protected liberty interest" and then show that "the government's discretionary conduct that deprived that interest was constitutionally repugnant." *Id.* at 765 (quoting *Guertin*, 912 F.3d at 922).

Here, Plaintiff's substantive due process claims are entirely conclusory. Plaintiff claims that Defendants Schuur, Jackson, and Smith "put" Plaintiff in segregation and pressed charges

against him but fails to provide any further explanation or facts to support this claim. (*See* Compl., ECF No. 1, PageID.4.) And, the facts alleged in the complaint fall short of showing the sort of egregious conduct that would support a substantive due process claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016).

Therefore, Plaintiff's Fourteenth Amendment substantive due process claims will be dismissed for failure to state a claim.

**3. Equal Protection Claim Against Defendant Giddens**

Plaintiff's list of claims includes a Fourteenth Amendment equal protection claim. (Compl., ECF No. 1, PageID.4.) The complaint provides no further reference to this claim. The Court therefore construes Plaintiff's allegation that Defendant Giddens "said something about being with a Black man," as the basis of Plaintiff's Fourteenth Amendment equal protection claim. (*Id.*, PageID.5.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff fails to allege any *facts* to support his equal protection claim. Indeed, Plaintiff's complaint fails to allege any facts to indicate that he was treated differently than others who were similarly situated. Plaintiff does not allege that Defendant Giddens treated Plaintiff differently or discriminated against him, only that Defendant Giddens called Plaintiff, "Black." (Compl., ECF No. 1, PageID.5.) Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory because he has alleged no facts that plausibly suggest that his equal protection rights were violated.

Accordingly, any intended Fourteenth Amendment equal protection claims will be dismissed.

### C. Malicious Prosecution Claim Against Defendants Schuur, Jackson, and Smith

Plaintiff's complaint raises a claim for malicious prosecution, alleging that Defendants Schuur, Jackson, and Smith "pressed charges" against Plaintiff because "they said . . . [Plaintiff's] allegation of the sexual assault was false." (Compl., ECF No. 1, PageID.4, 5.)

In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is cognizable in an action under § 1983. *Id.* at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2

(2007))). To state a § 1983 malicious prosecution claim, the plaintiff must establish the following: (1) a criminal prosecution was initiated against them and the defendants made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty under the Fourth Amendment, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes*, 625 F.3d at 308–09.

Plaintiff's sole allegation that charges were pressed against him after his accusation of sexual assault is insufficient to show any of the four elements of malicious prosecution have been met. Even if the Court assumes, without deciding, that "pressing charges" indicates a criminal prosecution was initiated against Plaintiff, he does not indicate that Defendants Schuur, Jackson, or Smith had any involvement in the prosecution's decision to pursue these charges. As to the second element, Plaintiff makes no direct allegation regarding probable cause, but his statement that "they reviewed the [body worn camera]," does not indicate the significance of that evidence and what it may have supported. (*See* Compl., ECF No. 1, PageID.5.) Finally, Plaintiff's allegations do not contain any facts regarding the consequence of the charges brought against him, such as whether he should have been released from CCJ custody or the outcome of the prosecution.

For all the reasons above, Plaintiff's malicious prosecution claim against Defendants Schuur, Jackson, and Smith will be dismissed for failure to state a claim.

**D. Suppression of Evidence Claim Against All Defendants**

Plaintiff's list of claims includes the phrase "suppression of evidence." (Compl., ECF No. 1, PageID.4.) The complaint contains no further reference to these claims nor are there any Defendants described in connection with this claim.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th

Cir. 2002). Plaintiff's complaint lacks any factual allegations connecting the named Defendants to a suppression of evidence claim. Based on Plaintiff's complaint, the Court cannot determine from the allegations whether Plaintiff intended his suppression of evidence claim to object to evidence introduced in a criminal prosecution when Defendants pressed charges, raise violations regarding the body worn camera footage, or raise some other evidentiary objections held by Plaintiff. In short, Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. Plaintiff's claims regarding the suppression of evidence falls far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

For all of these reasons, Plaintiff's suppression of evidence claim will be dismissed for failure to state a claim.

### E. Section 1985 Conspiracy Claim Against All Defendants[7]

In Plaintiff's complaint, he lists a "civil conspiracy" under 42 U.S.C. § 1985 in his claims; however, the complaint contains no further reference to these claims. (*See* Compl., ECF No. 1, PageID.4.)

---

[7] To the extent that Plaintiff seeks to hold Defendant Schuur or Jackson liable for conspiracy or any other cause of action due to their supervisory positions at CCJ, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter*, 532 F.3d at 575–76; *Greene*, 310 F.3d at 899. The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3),[8] a plaintiff must show the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998). Moreover, a plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer*, 98 F.3d at 233. Plaintiff fails to allege sufficient facts to suggest that any of Defendants' actions were motivated by Plaintiff's membership in a distinct class or deprived Plaintiff of the equal protection of the laws. Therefore, Plaintiff's § 1985 conspiracy claim will be dismissed.

In summary, for the reasons set forth above, Plaintiff's conspiracy claim under § 1985 will be dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action

[8] Subsections (1) and (2) of § 1985 do not apply. Subsection (1) is inapplicable because Plaintiff does not allege a conspiracy to interfere with federal officers in the performance of their duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable because Plaintiff does not allege that Defendants conspired to influence parties, witnesses, or jurors in federal court proceedings. *See* 42 U.S.C. § 1985(2). In addition, the second clause of subsection (2) is inapplicable because Plaintiff does not allege that Defendants conspired to "interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: November 9, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE